[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Raymond Akins was convicted of involuntary manslaughter and theft in the case numbered B-9901883, two counts of receiving stolen property in the case numbered B-9803511, and possession of criminal tools in the case numbered B-9803828. The trial court imposed maximum, consecutive sentences on all counts. Akins was given credit for time served of 192 days in B-9901883, 281 days in B-9803511, and 268 days in B-9803828. Akins appealed the imposition of the maximum, consecutive sentences. This court reversed the sentences, holding that the trial court had not made the requisite findings for the imposition of maximum, consecutive sentences.
On remand, the trial court sentenced Akins to maximum, consecutive sentences with no credit for time served in B-9901883. In B-9903511, Akins was sentenced to lesser terms on the receiving-stolen-property counts, which were ordered to run concurrently but were made consecutive to the sentences imposed in the other cases, with credit for time served of 365 days. In B-9803828, Akins was sentenced to the maximum term, to run consecutively to the other sentences, with credit for 243 days served. Akins has appealed from the trial court's imposition of the sentences, raising three assignment of error for our review.
The first and second assignments of error allege that the trial court erred on remand in crediting Akins with less time served in the cases numbered B-9901883 and B-9803828 than it had at the original sentencing, and that the trial court erred in not crediting Akins with time served while his first appeal was pending.
The parties agree that the calculation of jail-time credit was erroneous. As both defense counsel and the prosecutor point out, the record is unclear as to how the trial court, on remand, calculated the credit for time served on each case in resentencing Akins. There is some discussion of jail-time credit in the transcript of the resentencing proceedings, but the number of days cited in the transcript does not completely coincide with the days actually credited. Defense counsel argues further that Akins was not credited for the time he served while his original appeal was pending. The record is also unclear on that issue. The prosecutor argues that Akins's jail-time credit was calculated incorrectly at the time the original sentences were imposed. Both the prosecutor and defense counsel have requested that this court remand this case for a correct calculation of Akins's credit for time served.
The first and second assignments of error are sustained solely for the reason that it is unclear how the credit for time served was calculated and whether the calculation was correct. Therefore, the cause must be remanded for a recalculation of Akins's credit for jail time served.
The third assignment of error alleges that the trial court erred in imposing the maximum sentence of ten years for involuntary manslaughter. Akins argues that the trial court erred, on remand, in sentencing him to the maximum term for involuntary manslaughter because the court failed to consider his expressions of remorse at the time he entered his guilty plea and at the original sentencing hearing. Further, Akins argues that the facts of the offense did not support the imposition of the maximum sentence.
The third assignment of error is overruled because the record fully supports the trial court's imposition of the maximum sentence for involuntary manslaughter.
Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for a recalculation of Akins's credit for time served, and for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.